# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David H. Thompson  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C.  20036

(202) 220-9600  
Fax (202) 220-9601

June 13, 2023

<u>**VIA CM/ECF**</u>

U.S. Court of Appeals for the Fifth Circuit  
Attn: Lyle W. Cayce, Clerk of Court  
F. Edward Hebert Building  
600 S. Maestri Place  
New Orleans, LA 70130-3408

**RE:** *Reese v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, **No. 23-30033**

Dear Mr. Cayce,

I am writing to bring to the Court's attention the Third Circuit's recent decision in *Range v. Attorney General*, No. 21-2835, 2023 WL 3833404 (3d Cir. June 6, 2023). In *Range*, the en banc Third Circuit held that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to a non-violent fraud offender. *Id.* at *1. *Range* is instructive for this case for at least two reasons.

*First*, *Range* holds that as a matter of plain text "the people" referred to by the Second Amendment, as elsewhere in the Constitution, refers to "all Americans." *Id.* at *3. Because 18-to-20-year-old citizens are "Americans," *Range*'s reasoning also would entail that such individuals are among "the people" protected by the plain text of the Second Amendment. *See* Pls.'-Appellants' Br. at 14–21; Reply at 7–15.

*Second*, Judge Porter's concurrence highlights why, when conducting the historical analysis mandated by *Bruen*, courts should focus on regulations from states that had constitutional provisions that protected the right to keep and bear arms. *Range*, 2023 WL 3833404, at *10. Plaintiffs have argued that this Court should apply the same limitation here when analyzing the Government's proposed analogues. *See* Pls.'-Appellants' Br. at 22–43; Reply at 15–26.

Sincerely,

<u>s/ David H. Thompson</u>  
David H. Thompson  
*Counsel for Plaintiffs-Appellants*