

**U.S. Department of Justice**
Civil Division

VIA CM/ECF

June 15, 2023

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

RE:   *Reese v. ATF* (No. 23-30033) (oral argument not yet scheduled)

Dear Mr. Cayce:

We respectfully write to respond to plaintiffs-appellants' letter regarding the Third Circuit's decision in *Range v. Attorney General*, No. 21-2835 (June 6, 2023), and to inform the Court of the Eighth Circuit's decision in *United States v. Jackson*, No. 22-2870 (June 2, 2023), both of which involved as-applied Second Amendment challenges to the federal prohibition on the possession of firearms by felons, *see* 18 U.S.C. § 922(g)(1). The Eighth Circuit upheld the constitutionality of § 922(g)(1) as applied to an individual whose disqualifying offenses were state-law felonies for selling controlled substances. The court declined to evaluate the constitutionality of § 922(g)(1) based on the nature of the predicate felony at issue, holding that, in view of repeated statements by "the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." Op. 8. A divided en banc court in *Range* reached a contrary conclusion. That decision is mistaken for the reasons discussed in *Jackson* and by the *Range* dissents and conflicts as well with the other court of appeals decisions discussed in the government's briefing in *Range*.

Sincerely,

*/s/ Steven H. Hazel*
Steven H. Hazel
Attorney

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 15, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                /s/ *Steven H. Hazel*
                STEVEN H. HAZEL