

**U.S. Department of Justice**

Civil Division

---

VIA CM/ECF

January 19, 2024

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

RE:   *Reese v. ATF* (No. 23-30033) (oral argument held on November 6, 2023)

Dear Mr. Cayce:

      We write to inform the Court of the Third Circuit's decision in *Lara v. Commissioner Pennsylvania State Police*, No. 21-1832 (Jan. 18, 2024). That case involved a Second Amendment challenge to state laws that "when combined with a state or municipal emergency declaration . . . have the practical effect of preventing most 18-to-20-year-old adult Pennsylvanians from carrying firearms." Op. 5. A divided panel held that the Second Amendment precludes that result. In contrast to the federal age restrictions at issue here, the state age restrictions challenged in *Lara* applied to all firearms, not just handguns, and prevented the public carriage of those weapons, not just their sale by federal firearms licensees. The Third Circuit therefore had no occasion to consider the Supreme Court's repeated admonition that nothing in its precedent "should be taken to cast doubt" on "laws imposing conditions and qualifications on the commercial sale of arms." *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010). Nor did the panel majority include in its analysis the many nineteenth century laws barring the commercial sale of handguns to 18-to-20-year-olds. *See* Gov. Br. 31-35 (discussing laws from 19 jurisdictions). The panel majority also relied in part on an understanding of historical militia laws that this Court rejected in *National Rifle Ass'n of America, Inc. (NRA) v. ATF*, 700 F.3d 185, 204 n.17 (5th Cir. 2012). For the reasons given in the *NRA* decision and in the government's brief in this case, the Second Amendment does not strip legislatures of authority to prohibit the commercial sale of handguns to 18-to-20-year-olds.

       Sincerely,

         */s/ Steven H. Hazel*
         Steven H. Hazel
         Attorney

cc: all counsel (via CM/ECF)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.  Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                        /s/ *Steven H. Hazel*
                                        STEVEN H. HAZEL