No. 23-30033

# In the United States
# Court of Appeals for the Fifth Circuit

CALEB REESE; FIREARMS POLICY COALITION, INCORPORATED; SECOND
AMENDMENT FOUNDATION; LOUISIANA SHOOTING ASSOCIATION;
EMILY NAQUIN,

*Plaintiffs-Appellants,*

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; STEVEN
DETTELBACH, DIRECTOR OF THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND
EXPLOSIVES; MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, No. 6:20-cv-01438

## MOTION TO SUPPLEMENT THE RECORD

George J. Armbruster, III
ARMBRUSTER & ASSOCIATES, APLC
332 E. Farrel Road, Suite D
Lafayette, LA 70508
(337) 889-5511
george@arm-assoc.com

David H. Thompson
*Counsel of Record*
Peter A. Patterson
John D. Ohlendorf
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com

Joseph Greenlee
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
(916) 517-1665
jgr@fpclaw.org

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF INTERESTED PERSONS

*Reese v. BATFE*, No. 23-30033

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| *Plaintiffs-Appellants* | *Counsel for Plaintiffs-Appellants* |
|---|---|
| Caleb Reese<br>Louisiana Shooting Association<br>Emily Naquin<br>Second Amendment Foundation<br>Firearms Policy Coalition, Inc. | David H. Thompson<br>Peter A. Patterson<br>John D. Ohlendorf<br>William V. Bergstrom<br>COOPER & KIRK, PLLC<br><br>George J. Armbruster, III<br>ARMBRUSTER & ASSOCIATES, APLC<br><br>Joseph Greenlee<br>FPC ACTION FOUNDATION<br><br>John W. Dillon*<br>DILLON LAW GROUP<br><br>Raymond M. DiGuiseppe*<br>DIGUISEPPE LAW FIRM<br><br>Adam Kraut*<br>SECOND AMENDMENT FOUNDATION |

| *Defendants-Appellees* | *Counsel for Defendants-Appellees* |
|---|---|
| Bureau of Alcohol, Tobacco, Firearms and Explosives<br><br>Steven Dettelbach, in his official capacity as ATF Director<br><br>Merrick Garland, in his official capacity as Attorney General of the United States | Abby C. Wright<br>Steven H. Hazel<br>Daniel M. Riess*<br>U.S. DEPARTMENT OF JUSTICE |

Attorneys whose names are denoted with an asterisk entered appearances in the district court but have not entered appearances in the Fifth Circuit.

Dated: December 22, 2023

<u>s/ David H. Thompson</u>
David H. Thompson

*Counsel for Plaintiffs-Appellants*

Pursuant to <u>Federal Rules of Appellate Procedure 10</u> and 27, Plaintiffs move to supplement the record in the above-captioned matter. In support of this motion, Plaintiffs state:

1.     This case involves a challenge to the federal law banning purchase of handguns from federally licensed firearm dealers by 18-to-20-year-old adults. By its nature, the federal law challenged here no longer applies to an individual once he or she turns 21.

2.     The Plaintiffs in this case are two individuals, Caleb Reese and Emily Naquin, and three organizations, Firearms Policy Coalition, Inc., Second Amendment Foundation, and Louisiana Shooting Association (collectively, "Organizational Plaintiffs"). The Organizational Plaintiffs count Reese and Naquin as members.

3.     Naquin has turned 21. Reese will turn 21 later this year, raising the possible argument that the case will be moot, because the Organizational Plaintiffs' standing depends upon at least one of their members having standing. *See Hunt v. Washington State Apple Advert. Comm'n*, <u>432 U.S. 333, 343</u> (1977).

4.     To avoid any suggestion of mootness in this case, Plaintiffs are submitting along with this motion the declaration of Christian Michael Broussard, an 18-year-old resident of Vermilion Parish, Louisiana, who is a member of each of the Organizational Plaintiffs and who has standing to challenge the law at issue in

this case. *See* Decl. of Christian Michael Broussard ¶¶ 1–5 (attached as Exhibit A). Because the Organizational Plaintiffs continue to have at least one member with standing to challenge these laws, they retain standing to challenge them, as well, and this case will not become moot when Reese turns 21.

5.      It is appropriate for this Court to accept the submission of Broussard's declaration in this case. "[T]his court may review evidence as to subsequent events not before the courts below which bears upon the issue of mootness." *Matter of Manges*, 29 F.3d 1034, 1041 (5th Cir. 1994). Indeed, the ability of an appellate court to "consider any evidence bearing on whether the appeal has become moot" *Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016), is widely recognized, as is the ability for this Court to "receive facts relevant to that issue." *Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992) (cited approvingly in *Manges*, 29 F.3d at 1041).

6.      Courts have often considered supplemental evidence on appeal "in settings similar to this one." *Thomas More L. Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011), abrogated on other grounds, *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012); *see also id.* ("consider[ing] . . . new declarations that . . . were filed during the pendency of th[e] appeal" establishing plaintiffs' "actual injury"); *U.S. Chamber of Com. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (considering member declarations "[a]long with [a party organization's] briefs" when analyzing the issue of the party's associational standing); *Ouachita Watch League v. Jacobs*, 463 F.3d

2

1163, 1171 (11th Cir. 2006) (supplementing record with new declarations that "resolve[d] [a] standing issue and illuminate[d] [a] mootness issue"); *Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 1153, 1166 (4th Cir. 1977) ("We think [affidavits submitted to the appellate court] may be considered in ascertaining whether the cases are moot, although they should not be considered in ascertaining the merits. This is so because there was no mootness question before the district court, so we are not reviewing that. Rather, we are deciding whether the cases are now moot[.]").

7.     Indeed, this Court has previously recognized that it has "the inherent equitable authority to supplement the record on appeal." *U.S. ex rel. Minna Ree Winer Child.'s Class Tr. v. Regions Bank of La.*, 110 F.3d 794, No. 96-30581, 1997 WL 119971, at *3 (5th Cir. Mar. 13, 1997) (unpublished) (citing *Ross v. Kemp*, 785 F.2d 1467, 1474–75 (11th Cir. 1986)); *see also Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984) (considering evidence not in the record below where remand "would be contrary to both the interests of justice and the efficient use of judicial resources") (citation omitted).

8.     Here, accepting the Broussard Declaration does not alter this case in any way from how it was presented to the district court (or even how it was presented to *this* Court in briefing and through oral argument). It merely establishes that there continues to be a live case and controversy between the parties. *See Ezell v. City of*

3

*Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("In a facial constitutional challenge, individual application facts do not matter. Once standing is established, the plaintiff's personal situation becomes irrelevant.").

9.    The Plaintiffs contacted the government prior to filing this motion and the government states that it takes no position on the motion.

For these reasons, the Court should grant Plaintiffs' motion and supplement the record with the Declaration of Christian Michael Broussard.

Dated: December 22, 2023

George J. Armbruster, III
ARMBRUSTER & ASSOCIATES, APLC
332 E. Farrel Road, Suite D
Lafayette, LA 70508
(337) 889-5511
george@arm-assoc.com

Respectfully submitted,

/s/David H. Thompson
David H. Thompson
*Counsel of Record*
Peter A. Patterson
John D. Ohlendorf
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com

Joseph Greenlee
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149
(916) 517-1665
jgr@fpclaw.org

4

## **CERTIFICATE OF COMPLIANCE**

I certify that Plaintiffs-Appellants' Motion to Supplement the Record complies with the type-volume limitation of FED. R. APP. P. 27(d)(2) because this motion contains 792 words.

This motion also complies with the typeface requirements and the type style requirements of FED. R. APP. P. 27(d)(1) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 (Version 2212) in Times New Roman 14-point font.

Dated: December 22, 2023

s/ David H. Thompson
David H. Thompson

*Counsel for Plaintiffs-Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit on December 22, 2023, by using the appellate CM/ECF system and that service was accomplished on all counsel of record by the appellate CM/ECF system.

Dated: December 22, 2023                    s/David H. Thompson
                                             David H. Thompson

                                             *Counsel for Plaintiffs-Appellants*

# EXHIBIT A

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

|  |  |  |
|---|---|---|
| CALEB REESE, *et al.*, | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | No. 23-30033 |
| v. | ) | |
| | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS, AND EXPLOSIVES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF CHRISTIAN MICHAEL BROUSSARD

I, Christian Michael Brousard, make the following declaration pursuant to

28 U.S.C. § 1746:

1. I am a citizen of Vermilion Parish, Louisiana.

2. I am 18 years old.

3. I am a member of Firearms Policy Coalition, Inc., Second Amendment Foundation, and Louisiana Shooting Association.

4. On account of my age, I am not able to lawfully purchase a handgun from a federally licensed firearms dealer. My age is the only thing that disqualifies me from doing so. I am otherwise legally able to purchase a handgun from a federally licensed firearms dealer.

5. I desire to purchase a new Colt 1911 handgun, chambered for .45 ACP, from a federally licensed firearm dealer. If I were not barred from doing so on account of my age, I would purchase such a handgun forthwith.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on December  21 , 2023

Christian Michael Broussard