# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

January 30, 2024

**VIA CM/ECF**
U.S. Court of Appeals for the Fifth Circuit
Attn: Lyle W. Cayce, Clerk of Court
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

     **RE: *Reese v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 23-30033**

Dear Mr. Cayce,

     The Government has helpfully called to the Court's attention the Third Circuit's recent decision in *Lara v. Commissioner Pennsylvania State Police*, 2024 WL 189453 (3d Cir. 2024). *Lara* invalidated a law that, like the one challenged here, restricted the Second Amendment rights of 18-to-20-year-olds. While it does its best to minimize the damage, *Lara* squarely rejects both of the Government's principal post-*Bruen* defenses of its age ban.

     *First*, *Lara* rejected the argument that "the people" does not include 18-to-20-year-olds. *See* Doc. 32, 27–29. *Lara*'s interpretation of "the people" closely tracks Plaintiffs' arguments here: it applied *Heller*'s "strong presumption that the Second Amendment applies to all Americans," and it recognized that 18-to-20-year-olds are considered "the people" for other constitutional rights and that limiting "the people" to only those who were "the people" at the Founding would be "untenable." *Lara*, at *5–6 (cleaned up). Appellees' marquee post-*Bruen* argument was that the Second Amendment's text does not cover 18-to-20-year-olds, and *Lara* demolishes it.

     *Second*, *Lara* correctly held that the critical year for understanding the Second Amendment is 1791. *Lara*, at *7–8. It thus declined to even consider historical analogues that dated from the mid-to-late nineteenth century—dismissing out of hand many of the laws that form the basis of the Government's case here as coming too late. *Lara*, at *8 n.15. And with the historical lens properly focused, *Lara* held in favor of the plaintiffs, noting the "conspicuously sparse record of state regulations

Lyle W. Cayce
January 30, 2024
Page 2 of 2

of 18-to-20-year-olds at the time of the Second Amendment's ratification," and reasoning that the Second Militia Act was "good circumstantial evidence of the public understanding at the Second Amendment's ratification as to whether 18-to-20-year-olds could be armed." *Lara*, at *9; *see also* Doc. 48, 14–15. The Government tries to jiu-jitsu the point, critiquing the decisions for not addressing "the many nineteenth century laws barring commercial sale of handguns to 18-to-20-year-olds." Doc. 89, 1. But that omission was a *feature* of *Lara*'s analysis, and it strongly confirms the Government's failure to justify its age-ban.

Sincerely,

s/David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF