

**U.S. Department of Justice**

Civil Division

---

VIA CM/ECF

June 26, 2024

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

RE:   *Reese v. ATF* (No. 23-30033) (oral argument held on November 6, 2023)

Dear Mr. Cayce:

  We write to inform the Court of the Supreme Court's decision in *United States v. Rahimi*, No. 22-915 (June 21, 2024). That case involved a Second Amendment challenge to the federal law disarming individuals subject to certain domestic violence protective orders. In upholding that law, the Supreme Court observed that "some courts have misunderstood the methodology of our recent Second Amendment cases." *Id.* at 7. Those cases, the Court explained, "were not meant to suggest a law trapped in amber." *Id.* Instead, "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id.* For instance, "if laws at the founding regulated firearm use to address particular problems, that will be a strong indicator that contemporary laws imposing similar restrictions for similar reasons fall within a permissible category of regulations." *Id.*

  Under this test, the federal prohibition on the commercial sale of handguns to those under the age of 21 is consistent with the Second Amendment. As the government's brief in this case explains (at 15-38), legislatures have long recognized that access to arms by underage individuals poses a special danger to public safety and have adopted various measures to mitigate that risk. Among other examples, numerous nineteenth century legislatures barred the commercial sale of handguns to under-21-year-olds. *See Rahimi*, slip op. at 10-16 (Kavanaugh, J., concurring) (observing that the Supreme Court has identified "post-ratification history as a proper tool to discern constitutional meaning" and citing dozens of examples). Because the

federal law at issue here imposes "similar restrictions for similar reasons," it readily passes constitutional muster. *Id.* at 7 (majority opinion).

                Sincerely,

                      */s/ Steven H. Hazel*
                      Steven H. Hazel
                      Attorney

cc:    all counsel (via CM/ECF)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                               /s/ *Steven H. Hazel*
                                               STEVEN H. HAZEL