# Cooper & Kirk
#### Lawyers
A Professional Limited Liability Company

David H. Thompson  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

July 5, 2024

**VIA CM/ECF**
U.S. Court of Appeals for the Fifth Circuit
Attn: Lyle W. Cayce, Clerk of Court
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      RE: *Reese v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
      No. 23-30033 (oral argument held Nov. 6, 2023)

Dear Mr. Cayce,

      The Government suggests that a rhetorical flourish in *United States v. Rahimi*, No. 22-915 (June 21, 2024), explaining that the text-informed-by-history methodology from *NYSRPA v. Bruen*, was "not meant to suggest a law trapped in amber," *Rahimi*, slip op. 7, somehow breathes new life into their reliance on the "numerous nineteenth century legislatures" that purportedly "barred the commercial sale of handguns to under-21-year-olds." Gov't 28(j) Ltr. at 1. In fact, the opposite is true. *Rahimi* reiterates that the goal of the *Bruen* analysis is to determine "whether [a] challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Rahimi*, slip op. 7 (emphasis added), and as Plaintiffs' have explained at length, the Government has cited *nothing* that would establish the principle that the Government has the authority to bar legal adults from purchasing handguns for self-defense. *See* Pls.' Br. at 35. It is thus *the Government* that seeks a "law trapped in amber" by applying historical restrictions on minors to strip the Second-Amendment rights of legal adults today. *See* Reply at 16. In any event, these considerations are of secondary importance, since even the laws the Government cites are inapposite and do not form any valid "tradition" of historical regulation under *Bruen*. *See* Reply at 19–26.

      *Rahimi* also decisively rejects the Government's argument that the law banning 18-to-20-year-olds from purchasing handguns from regulated dealers is consistent with "legislatures' more general authority to disarm groups historically

deemed irresponsible," Gov't Br. 19, noting that no such "line derive[s] from our case law" and indeed, it is "unclear what such a rule would entail" because " 'responsible' is a vague term" that does not adequately describe the justification for any historical restriction on the right to keep and bear arms, *Rahimi*, slip op. at 17.

Ultimately, while *Rahimi* decided the Second Amendment's application to individuals subject to domestic violence restraining orders, it does nothing to alter the substance of *Bruen*'s text-and-history standard. And for the reasons we have explained, under *Bruen*, the Government loses.

Sincerely,

s/David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF