# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David H. Thompson  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

July 18, 2024

**VIA CM/ECF**
U.S. Court of Appeals for the Fifth Circuit
Attn: Lyle W. Cayce, Clerk of Court
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

> RE: *Reese v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 23-30033 (oral argument held Nov. 6, 2023)

Dear Mr. Cayce,

I write to draw the Court's attention to the Eighth Circuit's recent decision in *Worth v. Jacobson*, 2024 WL 3419668 (8th Cir. 2024), which struck down a Minnesota law barring 18-to-20-year-olds from carrying handguns in public. The Eighth Circuit held that restriction unconstitutional under the text-and-history standard set forth by the Supreme Court in *Bruen*, and its analysis under both prongs strongly supports Appellants' challenge in this case.

Following *Bruen*'s instructions, *Worth* began with the question whether 18-to-20-year-olds are "part of the people." Slip Op. 11. Under the "normal and ordinary meaning of the text," the court concluded the answer was yes. *Id.* at 12 (cleaned up). The court rejected Minnesota's argument, parallel to the Government's in this case, that 18-to-20-year-olds fall outside the Second Amendment's textual scope because they were below the "age of majority" at the Founding, reasoning that the Second Amendment's plain text extends to "all members of the political community," and that "[e]ven if the 18 to 20-year-olds were not members of the political community at common law, they are today." *Id.* at 14, 16 (cleaned up).

*Worth* next concluded that the government failed to show that its age-based restriction was consistent with history. It read *Bruen* as "strongly suggest[ing] that we should prioritize Founding-era history" and concluded that none of the Founding-era restrictions cited by the State—including several also cited by the Government here—were relevantly similar to the challenged restriction. *Id.* at 18-23; *cf.*

Lyle W. Cayce
July 18, 2024
Page 2 of 2

Appellees' Br., Doc. 32, at 19-21, 35-38. Finally, while the *Worth* court found it "questionable whether the Reconstruction-era sources have much weight," Slip Op. at 24, it also rejected Minnesota's proffered analogues from this era as insufficient. These nineteenth-century laws, the court held, "have serious flaws even beyond their temporal distance from the founding"—including that many of them applied only to a certain manner of carry or "included exceptions for parental permission or self-defense." *Id.* at 25-26 (citations omitted). Again, the catalog of nineteenth-century laws rejected by the Eighth Circuit includes the same laws relied upon by the Government in this case. *See* Doc. 32 at 25-26.

Sincerely,

s/David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF