# Cooper & Kirk

Lawyers

A Professional Limited Liability Company

David H. Thompson
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

November 13, 2024

**VIA CM/ECF**
U.S. Court of Appeals for the Fifth Circuit
Attn: Lyle W. Cayce, Clerk of Court
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

> RE: *Reese v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
> No. 23-30033

Dear Mr. Cayce,

The Government cites the Tenth Circuit's decision in *Rocky Mountain Gun Owners v. Polis* concluding that a law barring 18-to-20-year-olds from purchasing firearms "does not fall within the protections of the plain text of the Second Amendment." 2024 WL 4677573, at *23 (10th Cir. Nov. 5, 2024). But the Tenth Circuit's reasoning is flawed in significant and material ways, and this Court should not follow it into error.

While *Polis* rightly rejected the argument that 18-to-20-year-olds are not "part of 'the people' as defined by the Second Amendment," *id.* at *13, it seriously erred in concluding that certain "presumptively lawful regulatory measures" may be upheld at the plain-text stage of the *Bruen* analysis *without* the full textual and historical inquiries that *Bruen* plainly requires, *id.* at *15. And it compounded that error by wrongly concluding that an age-based ban on purchasing firearms counts as a "condition[ ] and qualification[ ] on the commercial sale of arms" that is "presumptively lawful" under this flawed analysis. *Id.* at *16. The Tenth Circuit panel never seriously grappled with the fundamental problem with this conclusion: that an age-based restriction "operat[ing] as a total ban on *buying* a gun from a licensed dealer" cannot be equated with "a hoop someone must jump through to *sell* a gun." *Hirschfeld v. BATFE*, 5 F.4th 407, 416 (4th Cir.), *vacated as moot,* 14 F.4th 322 (4th Cir. 2021). And the reasoning the Tenth Circuit did set forth is obviously unsound. For instance, it based its holding in part on the untenable proposition that

Lyle W. Cayce
November 13, 2024
Page 2 of 2

by merely *citing* the federal age-based handgun ban in his *Bruen* concurrence, Justice Alito somehow "acknowledged the constitutionality of such" restrictions. *Polis*, 2024 WL 4677573, at *20. And the panel also significantly cited and relied upon the State's purported "scientific evidence" indicating that age-based limits "will likely reduce the numbers of … violent crimes," *id.* at *22, *23, in the teeth of the Supreme Court's explicit instructions that the lower courts must stop weighing "the costs and benefits of firearms restrictions," *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 25 (2022).

Sincerely,

s/David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF