# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson      1523 New Hampshire Avenue, N.W.     (202) 220-9600
dthompson@cooperkirk.com     Washington, D.C. 20036     Fax (202) 220-9601

January 16, 2025

**VIA CM/ECF**
U.S. Court of Appeals for the Fifth Circuit
Attn: Lyle W. Cayce, Clerk of Court
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

> RE: *Reese v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 23-30033

Dear Mr. Cayce,

I write to notify the Court of the Third Circuit's recent decision in *Lara v. Commissioner*, No. 21-1832 (3d Cir. Jan. 13, 2025). In 2024, the Third Circuit invalidated Pennsylvania restrictions that ban 18-to-20-year-olds from carrying firearms during a state of emergency. After it decided *United States v. Rahimi*, 602 U.S. 680 (2024), the Supreme Court vacated that judgment and remanded the case for reconsideration. The Third Circuit has now concluded that nothing in *Rahimi* altered its earlier analysis. That decision strongly supports the same conclusion in this case.

First, *Lara* explains that because *Rahimi* "preserved" the textual part "of the *Bruen* analytical approach" unchanged, its pre-*Rahimi* textual "analysis remains the same." Slip Op. at 14. And under that analysis, 18-to-20-year-olds plainly fall within the Second Amendment's text: they are "part of [the] national community," and the Government's reliance on the general age of majority at the Founding "conflates Bruen's two distinct analytical steps" and is inconsistent with the settled understanding that 18-to-20-year-olds enjoy all other constitutional rights of "the people." *Id.* at 14, 17, 19 (cleaned up). The Government's identical argument in this case fails for identical reasons.

Second, the *Lara* court also concluded that "*Rahimi* sustains our prior [historical] analysis." *Id.* at 5. The court concluded that "[n]othing in *Rahimi* undermines" its previous decision that 1791 is the correct focus of historical inquiry.

*Id.* at 26. During that period, it explained, the Government "provid[ed] no evidence of a tradition of disarming 18-to-20-year-olds." *Id.* at 23 n.17. And while *Rahimi* reaffirmed that historical analysis must look to "the principles underlying the Second Amendment" rather than isolated historical laws, that did not help the Government. *Id.* at 26 (cleaned up). For "Founding-era laws reflect the principle that 18-to-20-year-olds are able-bodied men entitled to exercise the right to bear arms," and nothing in the Government's "catalogue of statutes" enacted "at least 50 years after the ratification of the Second Amendment" could overcome that Founding-era evidence. *Id.* at 27, 28 (cleaned up). Again, the Government makes the same arguments here, and they fail for the same reasons.

        Sincerely,

        <u>s/David H. Thompson</u>
        David H. Thompson
        COOPER & KIRK, PLLC
        1523 New Hampshire Ave., NW
        Washington, DC 20036
        (202) 220-9600
        dthompson@cooperkirk.com

        *Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF